IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                          ORDER

             v.                                07-cr-160-bbc-01

ERIC NOBLE CARLSON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Eric Noble Carlson's supervised release was held on July 30, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Laura A. Przybylinski Finn. Defendant was present in person and by counsel, Assistant Federal Defender Kelly A. Welsh. Also present was Senior United States Probation Officer Michael D. Harper.

From the record and from the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the District of New Jersey on May 24, 2005, following his conviction for possession of a computer containing at least three images of child

pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2.  This offense is a Class C felony.  Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 30 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on September 27, 2007, in the Western District of Wisconsin.  On November 20, 2007, jurisdiction of this case was transferred to this district from the District of New Jersey. Between May 2010 and June 16, 2010, defendant violated a special condition requiring him to follow the directions of the probation office regarding any contact with children of either sex, under the age of 18, when he had internet contact with 13-year-old females without the permission of the probation officer.  Further, he violated Standard Condition No. 5, requiring him to submit a truthful and complete written monthly report each month, when he failed to disclose on his April 2010 monthly supervision report that he purchased a second cellular phone under an assumed name.

Defendant's conduct falls into the category of a Grade C violation.  Section 7B1.1(a)(3)(B) of the advisory guidelines gives the court discretion to revoke supervised release, extend it or modify the conditions of release.  Under USSG §7B1.4, comment. (n. 4), where the original sentence was the result of a downward departure, an upward departure may be warranted.  Defendant originally received a sentence of 30 months, which was a departure from his guideline range of 37 to 46 months.

2

CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release imposed on May 24, 2005, will be revoked.

Defendant's criminal history category is I. With a Grade C violation, defendant has an advisory guideline range of imprisonment of three to nine months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence above the advisory guideline range. The intent of this sentence is to hold defendant accountable for his serious violations and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on March 24, 2005, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 12 months. A 24-month term of supervised release shall follow the term of imprisonment. All standard conditions of supervised release previously imposed shall remain in effect with the addition of the following special conditions:

3

Special Condition No. 1:    Spend the first three months of his supervision in a residential reentry center.  Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses. Defendant is to pay 25% of his gross income toward the daily cost of residence. He may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer;

Special Condition No. 2:    Provide the supervising U.S. probation officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information that he will use during the term of supervision. The probation office is authorized to install any application as necessary on any such devices owned or operated by defendant and shall randomly monitor those media. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by him, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals. The examinations may involve removal of such equipment for the purpose of conducting examination;

Special Condition No. 3:    Not possess any visual or audio recording devices;

Special Condition No. 4:    Not possess any material containing sexually explicit conduct as defined in 18 U.S.C. § 2256(2), including pictures, photographs, books, writings, drawings, videos, video games and child pornography, as defined in 18 U.S.C. § 2256;

Special Condition No. 5:    Not associate with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person, except with the express permission of the minor's parent or legal guardian and the supervising U.S. probation officer.  This provision does not include persons

under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services;

Special Condition No. 6:    Not work in any occupation, business or profession, or participate in any volunteer activity where he has access to children under the age of 18 without the prior approval of the supervising U.S. probation officer;

Special Condition No. 7:    Comply with any local, state and federal sex offender registration requirements as directed by the supervising U.S. probation officer;

Special Condition No. 8:    Undergo a psychosexual evaluation, which may involve use of Abel Screen and polygraph or plethysmograph examinations, or similar technology, as approved by the supervising U.S. probation officer. Defendant shall participate in and successfully complete an outpatient sex offender counseling program if recommended by the evaluator, as approved by the supervising U.S. probation officer. Defendant shall follow all restrictions and treatment requirements of the program. Defendant shall allow reciprocal release of information between the supervising U.S. probation officer and the treatment provider.

Special Condition No. 9:    Submit his person, property, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition.

Defendant is to be registered with local law enforcement agencies and the state

attorney general before his release from confinement.  Defendant does not have the financial

means or earning capacity to pay the cost of incarceration.

Entered this 3d day of August, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
U.S. District Judge