IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                         ORDER

      v.                                07-cr-160-bbc-1

ERIC NOBLE CARLSON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Eric Noble Carlson's supervised release was held on October 18, 2012, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Paul W. Connell. Defendant was present in person and by counsel, Assistant Federal Defender Kelly A. Welsh. Also present was U.S. Probation Officer Michael J. Nolan.

      From the record and the parties' stipulation, I make the following findings of fact.

FACTS

      Defendant was sentenced in the District of New Jersey on May 24, 2005, following his conviction for activities regarding material constituting or containing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2. This offense is a Class C felony.

Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 30 months, with a 36-month term of supervised release to follow.

Defendant began his initial term of supervised release on September 27, 2007, in the Western District of Wisconsin. On November 20, 2007, jurisdiction of this case was transferred from the District of New Jersey to the Western District of Wisconsin. On August 3, 2010, defendant's term of supervised release was revoked for violations that included his seeking out and having internet contact with 13-year-old females. Defendant was sentenced to a 12-month term of imprisonment, to be followed by a 24-month term of supervised release.

On June 22, 2011, defendant began his second term of supervised release. On September 16, 2012, defendant violated Standard Condition No. 4, prohibiting him from leaving the judicial district without permission, when he traveled to the Eastern District of Wisconsin without permission.

Defendant violated Standard Condition No. 6, requiring him to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer, as evidenced by his September 21, 2012, admissions that he had called several sex-related telephone numbers over the past several months, after being instructed by Senior U.S. Probation Officer Michael D. Harper that he was not to utilize any sex-related adult telephone services.

Defendant violated Special Condition No. 5, prohibiting him from associating with, or having verbal, written, telephonic or electronic communication with any person under the age of 18, without the express permission of the minor's parent or legal guardian and the supervising U.S. probation officer; Special Condition No. 2, requiring him to provide the supervising U.S. probation officer advance notification of the use of any devices associated with or falling within the general category of information technology that produce, manipulate, store, communicate or disseminate information, and requiring him to consent to and cooperate with any unannounced examination of these devices; Special Condition No. 3, prohibiting him from possessing any visual or audio recording device; and Special Condition No. 4, prohibiting him from possessing any material containing sexually explicit conduct when he was found to be in possession of the following unapproved items: three cell phones, a Sony PlayStation 2 gaming system and a PNY brand 4G memory stick, during a home visit on September 21, 2012 by the supervising probation officer.  A search of these devices revealed several stored audio files, video files, pictures of sexually explicit material, and an audio file of a person presenting herself as a minor.  Defendant identified several other audio and picture files that he had produced and stored on the cell phones depicting him engaged in various sexually explicit acts, and speaking in sexually explicit terms about his sexual interests.  He stated that he had sent several of these images over his cell phone to other parties.  He also reported having hidden a pornographic magazine at the warehouse

where he worked.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

CONCLUSIONS

Defendant's violations warrant revocation. Defendant's criminal history category is I. With a Grade C violation, he has an advisory guideline range of imprisonment of three to nine months. The statutory maximum to which he can be sentenced upon revocation is 24 months under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence above the advisory guideline range to protect the community and to hold defendant accountable for his violations,

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant Eric Noble Carlson on August 3, 2012, is REVOKED and defendant is committed to the custody

of the Bureau of Prisons for a term of 24 months with no term of supervised release to follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 25th day of October 2012.

BY THE COURT:

/s/

BARBARA B. CRABB

District Judge